### 55008. CULWELL v. LOMAS & NETTLETON COMPANY et al.

BIRDSONG, Judge.

The appellant Culwell filed suit against appellees American Bankers Life Assurance Co. of Fla., United Amer. Life Ins. Co., the Lomas & Nettleton Co. and Northwestern Nat. Life Ins. Co. seeking to recover disability benefits allegedly due her under disability policies issued by the insurance companies.

The facts show that Culwell purchased a home through United Mortgage Co. in 1969, and to protect her mortgage, she purchased mortgage insurance from Volunteer Life Ins. Co. which handled all United Mortgage's mortgage insurance. In May, 1970, Volunteer Life Ins. Co. was replaced by the appellee Northwestern. In early 1971, the appellee Lomas & Nettleton purchased the mortgage business from United Mortgage and assumed the management of Ms. Culwell's loan. On April

1, 1971, Lomas & Nettleton replaced Northwestern as insurer with the appellee United American. Finally, on October 1, 1973, United American was replaced as insurer by the appellee American Bankers. In pertinent part, the policies issued by each insurer agreed to furnish continuous coverage for mortgage payments but agreed to assume liability only for payments missed due to total disability incurred during the term of the insuring company's policy. The insured was informed that payments for pre-existing disability would be paid by the company furnishing coverage at the time of the inception of the disability. The evidence submitted by Ms. Culwell showed that she had been continuously and totally disabled since February, 1971, as the result of an automobile accident. There was evidence that she suffered from other complaints which had their inception either prior to the purchase of her home in 1969 or at indeterminate times after the accident in February, 1971. While there was no medical evidence directly establishing more than one period of total disability, Ms. Culwell alleged that her total disability commenced and continued from February, 1971. The appellee Northwestern was served process in December, 1975, through the appellee Lomas & Nettleton on the assumption that Lomas & Nettleton was the agent for Northwestern. The evidence, however, showed that as of the time of the attempted service there had been no connection between Lomas & Nettleton and Northwestern for over four years. For reasons not shown, Northwestern did not file defensive pleadings nor have they ever filed any pleadings in the case. As a result, Northwestern was in default at the time of the trial. Prior to trial, the appellees United American and American Bankers filed motions for summary judgment on the ground that under the terms of their policies, inasmuch as the total disability for which disability payments were sought was incurred prior to the effective date of their policies, Ms. Culwell was not an insured. The trial court granted summary judgment to both United American and American Bankers. Ms. Culwell did not take an appeal to these grants of summary judgment within thirty days of the grants. However, upon the grant of the directed

verdicts in favor of the appellees Lomas & Nettleton and Northwestern, at which time the case became final between Ms. Culwell and all defendants, and within days thereof, Ms. Culwell filed her notice of appeal enumerating as error not only the grant of the directed verdicts as to Lomas & Nettleton and Northwestern but also the grants of summary judgment as to United American and American Bankers. United American and American Bankers moved this court to dismiss the appeal insofar as it relates to them on the ground that the notice of appeal was not filed within the requisite thirty-day period so as to invoke the jurisdiction of this court. That motion was granted. Appellant Culwell enumerates 18 alleged errors. *Held:*

1. Before proceeding to the merits of Ms. Culwell's enumerations, we must first dispose of a motion to reinstate United American and American Bankers as parties to the appeal. Ms. Culwell asserts that inasmuch as the judgment did not become final in this case until the motion for directed verdict in favor of Lomas & Nettleton and Northwestern was granted, and her notice of appeal was timely filed in relation to the grant of that motion, she should be able to litigate all adverse rulings taken in the case. See Code Ann. § 81A-154 (b).

We conclude that the notice of appeal as to United American and American Bankers was not timely filed. Code Ann. § 81A-156 (h) provides: "An order granting summary judgment on any issue, or as to any party, shall be subject to review by appeal." This is true irrespective of whether the grant of summary judgment as to one of the parties leaves the case pending. *Wisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 816 (1) (168 SE2d 827). Consequently, when the judgment was entered against Ms. Culwell in favor of two of the four parties defendant, it was incumbent upon Ms. Culwell to file a notice of appeal as to those judgments within 30 days if she wished to have it reviewed (Code Ann. § 81A-156 (h), § 6-803; *McLeod v. Westmoreland,* 117 Ga. App. 659 (1) (161 SE2d 335)), for as between Ms. Culwell and United American and American Bankers the judgment was final. The notice of appeal as to the summary judgments was not filed for over eight months and was too late. We adhere to our order

dismissing the appeals as to United American and American Bankers. *Thomas v. Allstate Ins. Co.,* 133 Ga. App. 193, 194 (1a) (210 SE2d 361).

2. In another enumeration of error, Ms. Culwell asserts that the trial court erred in granting a directed verdict as to Northwestern. We note that Northwestern has never filed defensive pleadings and was not represented at the trial of this case. Nevertheless, the evidence is not controverted that Lomas & Nettleton have had no contractual relationship with Northwestern for over four years. Any business through Lomas & Nettleton relating to insurance problems with Northwestern found Lomas & Nettleton acting merely as a conduit. Notwithstanding the arguments advanced by Ms. Culwell, we find no evidence of agency between Lomas & Nettleton and Northwestern. It follows that service of process upon Northwestern through the medium of an agency relationship between it and Lomas & Nettleton amounts to no service. While there may have been other valid avenues through which Ms. Culwell could have perfected service, she elected not to pursue such other channels.

It is basic law that proceedings before a court not having jurisdiction of a defendant are void and may be treated as a nullity. *Perlis & Sons v. Nat. Surety Corp.,* 218 Ga. 667 (129 SE2d 915); *Davis v. Page,* 217 Ga. 751 (125 SE2d 60). The trial judge is a minister of justice, not a mere chairman preserving order at a meeting or a mere moderator of a debate, and has a duty to govern the progress of the trial. *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76). The trial court thus has a broad discretion in regulating and controlling the business of the court. A reviewing court should never interfere with its exercise unless it is made to appear that wrong or oppression results from its abuse, or the court in some manner takes away the rights the parties have under the law. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166); *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919). It is the duty of a court to inquire into its jurisdiction, upon its own motion where there is doubt. *Williams v. State,* 217 Ga. 312, 313 (122 SE2d 229). In this case, the evidence appearing before the court made it apparent that Northwestern had never been

served properly. Thus the trial court was without power to proceed in any manner to litigate rights pertaining to Northwestern. Under such circumstances, we conclude that in the interest of judicial economy and justice, the trial court did not err in sua sponte entering judgment as to Northwestern thereby terminating the litigation as to that nominal defendant. See Code Ann. § 110-709. We do not pass upon the merits of any right of action as regards Northwestern.

3. In the remaining errors enumerated by appellant, we note that in large part Ms. Culwell has merely given a statement of what occurred during the trial. A mere statement of contentions by the appellant does not constitute an argument in support of such contentions. Argument is defined as a reason given in proof or rebuttal, or a coherent series of reasons offered. Webster's New Collegiate Dictionary (1976). The central element is reason. The function of argument in a brief is to supply the reason why the court should support the contentions of that party. The failure to support the enumerated errors by citation of authority or argument either in the brief or in oral argument, constitutes an abandonment of such enumerated errors. *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630). Nevertheless, we have examined all the errors enumerated by appellant and find them to be without merit. Accordingly, the judgments of the trial court are affirmed.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED MARCH 14, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*William R. Parker,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Andrew J. Hinton, Freeman & Hawkins, William Q. Bird,* for appellees.