### 33741. CULWELL v. LOMAS & NETTLETON COMPANY et al.

HALL, Justice.

This court granted the application for writ of certiorari to review the decision and judgment of the Court of Appeals in *Culwell v. Lomas & Nettleton Co.,* 145

Ga. App. 519 (244 SE2d 61) (1978) involving the dismissal of appeals filed against American Bankers Life Assurance Company of Florida and United American Life Insurance Company.

The Court of Appeals held that in a suit against multiple defendants, when one party obtains summary judgment against another party, the losing party must appeal within 30 days from that ruling under Code Ann. § 81A-156 (h) or lose his right to appellate review of the grant of summary judgment. This decision has the collateral effect of making the grant of summary judgment res judicata of the issue. We disagree and reverse.

The entry of a judgment as to one or more but fewer than all of the claims or parties is not a final judgment under Code Ann. § 6-701 (a) 1 and lacks res judicata effect unless the trial court makes an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists. Code Ann. § 81A-154 (b); *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6) (1974); 10 Wright & Miller, Federal Practice and Procedure: Civil, p. 90, § 2661 (1973). If the trial court does certify that the judgment is final and ripe for review under Code Ann. § 81A-154 (b), the time for appeal begins to run. No certification was made in this case.

But Code Ann. § 81A-156 (h) also gives a losing party the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final under Code Ann. §§ 6-701 (a) 1 or 81A-154 (b). The Court of Appeals decision makes this direct appeal from a grant of summary judgment mandatory or the right of appellate review is lost, and the summary judgment is res judicata of the issue. However, Code Ann. § 81A-156 (h) is an exception to the finality rule which is for the benefit of the losing party. The party against whom summary judgment was granted may appeal either after the grant of summary judgment or after the rendition of the final judgment. Therefore, when the losing party appeals after the rendition of the final judgment, the grant of summary judgment is still subject to appellate review. *Thomas v.*

*Allstate Ins. Co.,* 133 Ga. App. 193 (1a) (210 SE2d 361) (1974) is overruled.

The Court of Appeals erred in dismissing the appeals filed by appellant Culwell against American Bankers Life Assurance Company of Florida and United American Life Insurance Company.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED SEPTEMBER 27, 1978.

*William R. Parker,* for appellant.

*Nall & Miller, Robert B. Hocutt, Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, Freeman & Hawkins, William Q. Bird,* for appellees.

HILL, Justice, concurring.

I concur in the opinion and judgment of the court insofar as it applies to a motion for summary judgment granted to one or more but less than all defendants. Although the rule may be equally applicable where summary judgment is granted to one or more but less than all plaintiffs, we do not have that issue before us.