## 57237. MIXON v. TERMINAL TRANSPORT EMPLOYEES FEDERAL CREDIT UNION et al.

BIRDSONG, Judge.

This is a civil conspiracy case against the defendant Terminal and defendant Mixon, the former husband of appellant, plaintiff below. The defendants both moved for summary judgment. On May 30, 1978, the following order was entered: "The motion for Summary Judgment of Terminal Transport Employees Federal Credit Union having come on regularly for a hearing, after having considered the evidence and the arguments of counsel, the court is of the opinion that there are no substantial facts in dispute as between the plaintiff and the defendant Terminal Transport Employees Federal Credit Union and that Summary Judgment shall be granted in favor of Terminal Transport Employees Federal Credit Union and against the plaintiff. It is so ordered this 30th day of May, 1978."

The motion of defendant Mixon was denied on the same date and his case still pends in the trial court. No appeal was taken from this order by plaintiff which granted summary judgment to defendant Terminal. On September 29, 1978, another order was entered which reads in pertinent part as follows: "The motion for Summary Judgment of Terminal Transport Employees Federal Credit Union having come on regularly for a hearing on May 30, 1978 and the court having entered an order on that date,

"It is hereby ordered and made the judgment of this court that the defendant Terminal Transport Employees Federal Credit Union's motion for summary judgment is hereby granted and the clerk is instructed hereby to enter judgment thereon in favor of Terminal Transport Employees Federal Credit Union. . ."

Appellant filed a notice of appeal on October 17, 1978, seeking a review of both grants of summary judgment to Terminal Transport Employees Federal Credit Union. In *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641), the Supreme Court held that in a multiple party or a multiple complaint suit, the party against whom summary judgment was granted may file a

timely appeal after the grant or wait until after rendition of the final judgment. Here we have a grant of summary judgment by the May 30, 1978 order but with no appeal. Nearly four months later, on September 29, 1978, the court entered another order granting summary judgment which in legal effect amounts to nothing more than a restatement of the May 30th order from which a timely appeal had not been filed by plaintiff. Though the appeal of October 17 is within 30 days of the restated grant of summary judgment dated September 29, 1978, this cannot substitute as a timely appeal to the May 30, 1978 order.

It is clear from *Culwell* that the party against whom a summary judgment has been granted has two opportunities to obtain appellate review. If we should now review this case in its present posture, it would in effect grant an additional or third opportunity for appellate review simply by seeking the trial court to enter a later dated version of the same judgment. We know of no authority for this practice. We hold that this appeal is not authorized under the Appellate Practice Act. It is premature as plaintiff can have appellate review of the grant to defendant after the rendition of a final judgment. *Culwell,* supra. As the appeal to the May 30 grant of summary judgment was not timely filed in its present posture, it must be dismissed.

*Appeal dismissed. Quillian, P. J., and Smith J., concur.*

ARGUED FEBRUARY 7, 1979 — DECIDED FEBRUARY 26, 1979 — REHEARING DENIED MARCH 20, 1979 —

*Thompson, Stovall, Stokes & Thompson, Fletcher Thompson,* for appellant.

*Ted D. Spears, Charles W. Smegal, Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Karen Wildau,* for appellees.