## A94A0714. CARR v. FARMER.
(445 SE2d 350)

ANDREWS, Judge.

Carr and Ridgeview Institute, Inc.[1] appeal from the order entered by the superior court below directing that Ridgeview "produce patient information and records . . . pursuant to the Subpoena Duces Tecum issued by [the] Circuit Judge of Calhoun County, Alabama."

A wrongful death action was instituted against Dr. Carr in the Calhoun County Circuit Court by the representatives of the deceased Pugh, alleging malpractice.

During discovery in the Alabama litigation, Dr. Carr admitted that he had had a drug abuse problem during certain periods of time, but denied that he was suffering from such abuse at the time of the alleged malpractice. He acknowledged having been admitted to Ridgeview, located in Cobb County, for treatment.

On August 8, 1991, two documents were filed in the Alabama Cir-

---

[1] Ridgeview Institute, Inc., pursuant to its motion under OCGA § 5-6-1, was allowed to appear before this court as an interested third party.

cuit Court, both having been signed by that court on July 15, 1991. One was an order purporting to authorize disclosure of patient records "pursuant to 42 CFR subpart E., § 2.62 - 2.66." It ordered that "Ridgeview Institute and [its drug and alcohol unit], pursuant to a lawfully issued subpoena by a court of competent jurisdiction, produce and send directly to [the Alabama] Court for *in camera* inspection, all documents and records in their possession relative to the medical treatment and care of [Carr] between 1986 and 1987." The second was a document bearing the Alabama case heading and entitled "Request of the Superior Court of Cobb County, Georgia To Issue Subpoenas Duces Tecum For Medical Records" in which the Alabama court petitioned the Cobb County court to issue a subpoena.

Apparently, Carr attempted to obtain from the Alabama Supreme Court a writ of mandamus to prevent disclosure of his medical records, this being the only procedural mechanism for interlocutory review pursuant to Ala. Code § 12-22-6. While no writ of mandamus issued, that does not preclude raising the issue on any final appeal. Id.

On November 15, 1991, the Alabama trial court signed an order requesting the Cobb County Superior Court to "issue an order to Ridgeview Institute, Inc., compelling production of said documents, pursuant to the lawfully issued and executed Subpoena Duces Tecum served upon Ridgeview Institute, Inc."

On June 29, 1993, the Cobb County Superior Court issued an order directing the parties to the Alabama litigation and Ridgeview Institute, Inc. to appear and show cause why that court should not issue a subpoena to Ridgeview. Although there is nothing in the record to show that this order was served upon Ridgeview, counsel did receive a copy of the order, apparently from Carr's attorney, and did appear to argue at the appointed time, following which the order here appealed was entered.

1. Ridgeview is an institution covered by 42 USCA § 290dd-2 (b) (2) (C) (the provisions of former § 290dd-3 are, pursuant to the 1992 Amendments to Pub. L. 102-321, effective October 1, 1992, included in § 290dd-2). That section and the regulations promulgated thereunder[2] provide that, absent consent of the patient, records of such an institution can be disclosed "[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm." 42 CFR § 2.64 (b) provides that "[t]he patient and the person holding the records from whom disclosure is sought must be given: (1) Adequate notice . . . and (2) An opportu-

---

[2] 42 CFR Ch. I, Subpart E.

nity to file a written response . . . or to appear. . . ."

There is no showing in the record that any notice or opportunity to respond was received by Ridgeview before the entry of the Alabama orders. Although Georgia counsel did write a letter after the entry of the orders asserting the issue of privilege, the initial Alabama proceedings were not in compliance with applicable federal law.

2. Further, the Alabama order sought to be enforced by Georgia courts is not one entitled to full faith and credit. Even if so entitled, there was a failure of adequate proof of the Alabama proceedings for purposes of full faith and credit.

(a) "The requirement that each state give full faith and credit to the records and proceedings of all other states applies 'only to the records and proceedings of courts so far as they have jurisdiction. . . .' [Cit.] '(C)ollateral attack of a foreign judgment based on lack of personal jurisdiction is precluded only if the defendant has appeared in the foreign court. (Cits.) . . .' " *Toledo Center Floor Covering v. Richfield Carpet Mills*, 176 Ga. App. 400 (1) (336 SE2d 320) (1985). See *Atlantic Nat. Bank of Fla. v. Chance*, 194 Ga. App. 634, 636 (391 SE2d 677) (1990) (physical precedent). In the Alabama proceeding, there was no appearance by Ridgeview,[3] a non-party, and that court lacked personal jurisdiction over Ridgeview. *Signet Bank/ Virginia v. Tillis*, 196 Ga. App. 433, 434 (396 SE2d 54) (1990); *A.A.A., Inc. v. Lindberg*, 172 Ga. App. 753, 755 (324 SE2d 480) (1984).

"[P]roceedings before a court not having jurisdiction . . . are void and may be treated as a nullity." *Culwell v. Lomas & Nettleton Co.*, 145 Ga. App. 519, 522 (244 SE2d 61) (1978).

(b) Also, there was no proper authentication or proof of the Alabama orders for purposes of full faith and credit. OCGA § 24-7-24; *Van Buskirk v. Great American Bank*, 175 Ga. App. 101 (332 SE2d 394) (1985); *Moore v. Sanford, Adams, &c.*, 171 Ga. App. 549, 550 (1) (320 SE2d 394) (1984).

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED JUNE 16, 1994.

*Downey, Cleveland, Parker & Williams, Joseph C. Parker, Scott D. Clay*, for appellant.

*Troutman Sanders, Patricia A. Murtaugh*, for appellee.

---

[3] The mailing by Georgia counsel of the letter to the Alabama court asserting privilege in an after-the-fact effort to prevent the court's attempt to require production of medical records does not amount to an "appearance."