A94A2423. BRYANT et al. v. HAYNIE.
(454 SE2d 533)

BIRDSONG, Presiding Judge.

Keita Bryant and Phillis Bryant appeal from a judgment in favor of Tracie L. Haynie. While in a parking lot with a crowd of people waiting to enter a nightclub, Haynie was severely injured when Keita Bryant drove a car through the crowd and struck her and several other people.

In Fulton County State Court, Haynie sued the Bryants, the owner of the parking lot, and the operator of the nightclub. The owners of the parking lot and nightclub were alleged to have been negligent by failing to provide adequate measures to prevent injury to the patrons, and Keita Bryant was alleged to have been negligent in the operation of the car. Phillis Bryant, the owner of the car driven by her son, was alleged to be liable under the family purpose doctrine.

The complaint also alleged that the owner of the property and the operator of the nightclub were subject to the jurisdiction and venue of the court, that the Bryants were residents of DeKalb County, and that all defendants were joint tortfeasors and were jointly and severally liable to Haynie for their combined negligence. The complaint also alleged that Haynie had incurred far more than $200,000 in medical expenses as a result of the defendants' negligence.

Although served with process, the Bryants did not answer the complaint within the 30-day period prescribed by OCGA § 9-11-12 (a) or the 15-day grace period allowed by OCGA § 9-11-55 (a). Ultimately, the Bryants moved to open the default under OCGA § 9-11-

55 (b). The Bryants asserted that Haynie's complaint was defective because it did not assert facts showing that the court was the proper jurisdiction and venue in which to bring the complaint. With the parties' consent, however, the case was transferred to the State Court of DeKalb County.

The motion to open the default was denied because the Bryants did not show that their failure to answer was the result of excusable neglect; default judgment on liability was entered, and the case on damages was tried to a jury. After the jury returned a verdict for $257,549.04 in medical expenses and $870,000 for pain and suffering, the trial court deducted $25,000 (the amount of a settlement with the owner of the land) and awarded judgment in favor of Haynie and against the Bryants for $1,102,549.04.

The Bryants now allege that the trial court erred by denying their motion to open the default because the complaint failed to allege venue and jurisdiction against them; that the trial court erred by granting Haynie's motion in limine to exclude evidence concerning the settlement with the other defendants; and the trial court also erred by denying the Bryants' motion in limine to exclude evidence of special damages because the complaint failed to allege specifically the amount of special damages. *Held*:

1. The Bryants' allegation that the trial court erred by refusing to open the default is without merit. Under our law, a default may be opened if the Bryants satisfied the four conditions and one of the three grounds for opening a default. The four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed to trial, and (4) setting up a meritorious defense. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) a proper case. See OCGA § 9-11-55 (b). Whether to open the default on one of the three grounds rests within the discretion of the trial judge. *Powell v. Eskins*, 193 Ga. App. 144, 145 (387 SE2d 389). Here, the trial court found that the Bryants met the four conditions for opening a default, but denied the motion since the three grounds were not established.

In particular, the trial court found that the Bryants had not established that their failure to answer was the result of excusable neglect. The Bryants' excuse for failing to answer was that they believed that they were excused from filing an answer because their insurance carrier had earlier filed an interpleader action. The record fully supports the trial court's findings rejecting this contention. When counsel for the other defendants learned that no answer had been filed for the Bryants, he contacted the Bryants, told them about the 15-day grace period, pointed out the consequences of failing to answer, and encouraged the Bryants to file an answer. Moreover, the other defendants' attorney called the Bryants' insurance carrier and advised that

company about the status of the case and that no answer was filed. Under these circumstances, it cannot be said that the trial court abused its discretion by refusing to find that the failure to answer was excusable.

As the record is devoid of any evidence even suggesting that a providential cause (see *Thomas v. State*, 118 Ga. App. 748 (165 SE2d 477); *Evans & Pennington v. Nail*, 7 Ga. App. 129, 136 (66 SE 543)) was responsible for the Bryants' failure to file a timely answer, the trial court did not abuse its discretion by refusing to open the default on that basis. Moreover, as the record plainly shows the Bryants' failure to answer was the result of their wilful disregard of their obligations under our law, the trial court did not abuse its discretion by finding that this was not a proper case for opening the default.

The Bryants' contention that the complaint was defective is without merit. The complaint was filed in Fulton County against several joint tortfeasors under 1983 Ga. Const., Art. VI, Sec. II, Par. IV and OCGA § 9-10-31. Although the complaint did not specifically assert that venue against the Bryants was on this basis, the complaint did assert the facts on which venue depended. OCGA § 9-11-8 (a) (2). In any event, by failing to answer, the Bryants waived any objection to venue. OCGA § 9-11-12 (h) (1); *Bouldin v. Contran Corp.*, 167 Ga. App. 364 (306 SE2d 685).

2. The Bryants' allegation that the trial court erred by granting Haynie's motion in limine to exclude evidence of her prior recovery is also without merit. The fact and amount of a settlement with other parties is not relevant to the amount of damages to be awarded in this case and were properly excluded from the jury's consideration. OCGA § 24-2-1; *Allison v. Patel*, 211 Ga. App. 376, 381-385 (438 SE2d 920); *Carney v. JDN Constr. Co.*, 206 Ga. App. 785, 787-788 (426 SE2d 611).

3. Finally, the Bryants contend the trial court erred by denying their motion in limine to exclude any evidence of special damages Haynie incurred because she did not specifically plead special damages in the complaint. Under OCGA § 9-11-9 (g), "[w]hen items of special damage are claimed, they shall be specifically stated." The record shows that the complaint alleged that Haynie had incurred "far more than $200,000" in medical expenses, and in the pretrial order Haynie asserted medical expenses in excess of $265,000. There is thus no factual support for the Bryants' assertion that OCGA § 9-11-9 (g) was violated. Further, the remedy for failure to plead special damages specifically is to move for a more definite statement of Haynie's claim. *Avery v. K. I., Ltd.*, 158 Ga. App. 640, 641 (281 SE2d 366). See also Georgia Civil Practice, § 3-3 (G). The Bryants did not so move. This enumeration of error is without merit.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED JANUARY 20, 1995 —
RECONSIDERATION DENIED FEBRUARY 28, 1995.

*W. Clint Rhodes,* for appellants.
*M. Gino Brogdon, Eugene D. Butt,* for appellee.