## A95A2540. B & D FABRICATORS et al. v. D. H. BLAIR INVESTMENT BANKING CORPORATION.
### (469 SE2d 683)

JOHNSON, Judge.

B & D Fabricators, Duval of Georgia, Inc., Electric Supply Company, Inc., Reliance Electric Industrial Company and Simco Supply Company, Inc. (hereinafter collectively referred to as "appellants") sold electrical components to FiberOptics Machinery Company, Inc. ("FMCI"). When FMCI allegedly failed to pay for the goods, appellants sued FMCI and a related company, Peachtree FiberOptics, Inc. ("PFI"). Appellants also named a passive minority shareholder in FMCI and PFI, D. H. Blair Investment Banking Corporation, Inc., as a defendant. The action was filed in Georgia. D. H. Blair, which is incorporated in Delaware and located in New York, was served in Delaware. When D. H. Blair failed to answer the complaint, the appellants sought and obtained a default judgment against it. Three weeks after the default judgment was entered, D. H. Blair moved to open the default and set aside the default judgment. The trial court initially denied the motion, but later granted D. H. Blair's motion for reconsideration and vacated the first order. The trial court then entered an order opening the default and setting aside the default judgment on the ground of "proper case." Appellants moved for but were denied a certificate for immediate review. D. H. Blair filed a motion to dismiss the complaint based on lack of personal jurisdiction which, after a hearing, the trial court granted.

1. Appellants argue that the trial court erred in granting the motion to dismiss based on lack of personal jurisdiction because any such defense was waived by D. H. Blair's failure to timely answer the complaint after being served with process and by its entry of a general appearance without raising the defense. We disagree with both contentions.

(a) The defense of lack of personal jurisdiction is not waived simply because a foreign corporation which has been served with process fails to answer the complaint timely. "[A] foreign corporation which is not transacting business within this state cannot be forced to come into the state to defend against a claim or to contest jurisdiction. Under OCGA § 9-11-60 (d) (1), (f), a person may bring a motion to set aside a judgment void for lack of jurisdiction at any time. OCGA § 9-11-12 (h) (1) (B) [which provides that a defense of lack of jurisdiction over the person is waived if not made by motion or included in a responsive pleading] cannot be constitutionally applied to preclude a nonresident from bringing such a motion after a default judgment is entered against it." *Hoesch America v. Dai Yang Metal Co.*, 217 Ga. App. 845, 847 (1) (459 SE2d 187) (1995). "[W]hile it may not be wise to ignore the process, a defendant may do so, risk default, and

later attack the judgment based upon the fact that the court did not have jurisdiction over him." Id. at 848 (1).

(b) D. H. Blair's act of filing pleadings did not result in a waiver of its jurisdictional defense. "Generally . . . a waiver results when a nonresident submits to the jurisdiction of the court by seeking a ruling from the court on the merits of the case or otherwise enters a general appearance without raising the issue. [Cit.]" *Hoesch*, supra at 848 (1). The first pleading D. H. Blair filed was a motion to open default and to set aside default judgment. In it D. H. Blair alleged, inter alia, that it received no notice of service of process. Eighteen days later, it made the same allegation in a supplemental brief and, in a simultaneously filed answer, it specifically raised lack of personal jurisdiction as a defense. D. H. Blair subsequently filed a motion to dismiss for lack of personal jurisdiction, wherein it specifically alleged that it had no business or other relationship with appellants, transacted no relevant business in Georgia, committed no torts in Georgia and lacked sufficient minimum contacts with Georgia for it to be subject to the jurisdiction of Georgia's courts. As with earlier motions, it submitted affidavits in support of the allegations. Therefore, the jurisdictional defense was raised. Had D. H. Blair failed to raise the defense of lack of personal jurisdiction either in the answer or by motion filed before or simultaneously with the answer, it would have constituted a waiver. See *Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990). This did not happen here.

We do not agree with appellants that, by alleging in its motion to open and set aside that as a minority shareholder in the businesses it was not liable for the debt underlying the suit, D. H. Blair sought a ruling on the merits. One of the conditions a defendant must satisfy for a default to be opened is that it set up a meritorious defense. See *Bryant v. Haynie*, 216 Ga. App. 430, 431 (1) (454 SE2d 533) (1995). This is apparently what D. H. Blair attempted to do when it touched upon the merits of the complaint in its motion. Inasmuch as it did not plead to the merits without raising a jurisdictional defense, there was no waiver. See *Daughtry v. Cohen*, 187 Ga. App. 253, 254 (3) (370 SE2d 18) (1988).

It is important to point out that, in the hearing on the motion to dismiss for lack of jurisdiction, the appellants expressly waived any argument on the issue of whether D. H. Blair was in fact subject to the jurisdiction of Georgia's courts. The appellants' only contention on the jurisdiction issue was that D. H. Blair waived any personal jurisdiction defense by not answering or raising the issue timely. Because appellants waived the issue of whether it lacked the requisite contacts with Georgia, and because the lack of personal jurisdiction defense was timely raised, the trial court did not err in dismissing the action based on lack of personal jurisdiction. See generally *Apparel*

*Resources &c. v. Amersig Southeast*, 215 Ga. App. 483, 486 (1) (451 SE2d 113) (1994).

2. In several enumerations, appellants contend that the trial court erred in considering affidavits filed after the motion to open default and set aside the default judgment was heard, finding that D. H. Blair presented a proper case for opening default, finding that it announced ready for trial and set up a meritorious defense, and granting its motion for reconsideration without allowing appellants 30 days to respond. These enumerations present no grounds for reversal. "Proceedings before a court not having jurisdiction are void and may be treated as a nullity. [Cit.]" (Punctuation omitted.) *Carr v. Farmer*, 213 Ga. App. 568, 570 (2) (a) (445 SE2d 350) (1994); see *Butler v. Home Furnishing Co.*, 163 Ga. App. 825 (296 SE2d 121) (1982). Inasmuch as the trial court in this case had no jurisdiction, the trial court's rulings on these issues are immaterial.

In any event, a trial court is afforded broad discretion in deciding the default and reconsideration issues raised in this division. "On appeal the test to determine whether the trial court erred in opening default is not whether this court would have granted or denied the motion had it been ruling thereon at the trial level. OCGA § 9-11-55 (b) allows prejudgment default to be opened on one of three grounds if four conditions are met.[1] The question of whether to open a default on one of the three grounds rests within the discretion of the trial judge. The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations." (Punctuation omitted.) *Ryles v. First Oglethorpe Co.*, 213 Ga. App. 327, 328 (1) (444 SE2d 578) (1994). Because the record in this case supports the trial court's findings that the four conditions were met and that this was a proper case for opening the default, we find no abuse of discretion. *Bryant*, supra at 432 (1). Furthermore, since under OCGA § 15-1-3 the trial court has the inherent power to entertain a motion for reconsideration at any time within the term of court, and may rule upon the motion with or without notice to either party, *Allstate Ins. Co. v. Clark*, 186 Ga. App. 58, 59 (2) (366 SE2d 394) (1988) (overruled on other grounds, *Stone v. Dawkins*, 192 Ga. App. 126 (384 SE2d 225) (1989)), the court did not err in deciding the motion without permitting appellants 30 days to respond.

Finally, we note that a court has a duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized

---

[1] The four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed to trial, and (4) setting up a meritorious defense. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) a proper case. OCGA § 9-11-55 (b).

to dismiss a case against a defendant where personal jurisdiction is lacking. See *Culwell v. Lomas & Nettleton Co.*, 145 Ga. App. 519, 522-523 (2) (244 SE2d 61) (1978), rev'd on other grounds, 242 Ga. 242 (248 SE2d 641) (1978). It also has the power to correct its own proceedings before final judgment and to amend and control its orders. OCGA § 15-1-3. Based on the record before us, the trial court did not err in opening the default, setting aside the default judgment, or dismissing the action.

3. Appellants argue that the trial court erred in refusing to certify for immediate review the court's order granting D. H. Blair's motion to open and set aside the default judgment. Even if the trial court had jurisdiction in this case and its rulings were reviewable, this Court would not review the unfettered discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 8, 1996 —
RECONSIDERATION DENIED FEBRUARY 28, 1996 —

*Byrne, Eldridge, Moore & Davis, Francis X. Moore*, for appellants.

*Sutherland, Asbill & Brennan, Elizabeth V. Tanis, Charles T. Lester, Jr., Thomas W. Curvin, Schreeder, Wheeler & Flint, Lawrence S. Burnat, Alexander J. Simmons, Jr., Holt, Ney, Zatcoff & Wasserman, Stephen C. Greenberg*, for appellee.