# Court of Appeals
# of the State of Georgia

ATLANTA,    July 11, 2013

*The Court of Appeals hereby passes the following order:*

**A13I0265.  CONTINENTAL TIRE THE AMERICAS, LLC v. MARLOS L. CHENAULT, et al.**

In this product liability action, the trial court entered a discovery order requiring Continental Tire The Americas, LLC ("Continental") to produce certain documents.  Continental filed a motion for reconsideration from this ruling, which the trial court denied.  Continental sought a certificate of immediate review from both orders, but the court declined to issue a certificate. Continental nevertheless filed this application for interlocutory appeal asserting that we have jurisdiction to consider the merits in accordance with *Waldrip v. State*, 272 Ga. 572 (532 SE2d 380) (2000).  The plaintiffs have filed a motion to dismiss the application.

Generally, an appellate court will not review the discretion vested in the trial court to grant or refuse a certificate for immediate review of interlocutory rulings.  See *Scruggs v. Georgia Dept. of Human Resources,* 261 Ga. 587, 588 (1) (408 SE2d 103) (1991); *B & D Fabricators v. D.H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 375 (3) (469 SE2d 683) (1996).  The Supreme Court, however, has crafted an exception to the requirement of a certificate where the actions of the trial court have the effect of precluding appellate review of a substantive issue.  See *Waldrip*, supra at 575 (1).  The ruling is limited to "exceptional cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review."  Id.

This does not appear to be one of the rare cases in which ignoring the certificate requirement is warranted.  Accordingly, Continental's failure to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) deprives this Court

of jurisdiction to consider this application. The plaintiffs' motion to dismiss is therefore GRANTED, and this application is DISMISSED. See *Genter v. State*, 218 Ga. App. 311 (460 SE2d 879) (1995). This Court's June 14, 2013 order granting a stay of the trial court's order is hereby VACATED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/11/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*