# Court of Appeals
# of the State of Georgia

ATLANTA, November 26, 2013

*The Court of Appeals hereby passes the following order:*

**A14I0051. CONTINENTAL TIRE THE AMERICAS, LLC et al. v. MARLOS L. CHENAULT et al.**

In the third appearance of this product liability action in this Court, Continental Tire The Americas, LLC, and its attorney, Frederick Fein, seek interlocutory review of the trial court's "Order Regarding Pro Hac Vice Admission of Frederick Fein, Esq." In that order, the trial court declined to revoke Fein's pro hac vice admission but removed him as lead counsel for Continental, designated local counsel as lead counsel, and prohibited Fein from filing any documents in the case or from dealing directly with the Court or its staff. Continental sought a certificate of immediate review, which the court declined to issue. Continental nevertheless filed this application for interlocutory appeal asserting that we have jurisdiction to consider the merits in accordance with *Waldrip v. Head*, 272 Ga. 572 (532 SE2d 380) (2000). Marlos Chenault has filed a motion to dismiss this application.

Generally, an appellate court will not review the discretion vested in the trial court to grant or refuse a certificate for immediate review of interlocutory rulings. See *Scruggs v. Georgia Dept. of Human Resources,* 261 Ga. 587, 588 (1) (408 SE2d 103) (1991); *B & D Fabricators v. D. H. Blair Investment Banking Corp.*, 220 Ga. App. 373, 376 (3) (469 SE2d 683) (1996). The Supreme Court, however, has crafted an exception to the requirement of a certificate where the actions of the trial court have the effect of precluding appellate review of a substantive issue. See *Waldrip*, supra at 575 (1). The ruling is limited to "exceptional cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review." Id.

This does not appear to be one of the rare cases in which ignoring the certificate requirement is warranted. Accordingly, Continental's failure to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) deprives this Court of jurisdiction to consider this application. Chenault's motion to dismiss is hereby GRANTED, and the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 11/26/2013
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


             , *Clerk.*