# Court of Appeals
# of the State of Georgia

ATLANTA, December 04, 2013

*The Court of Appeals hereby passes the following order:*

## A14D0126.  ROBERT JAY DAVIS v. THE STATE.

Robert Jay Davis, who is facing criminal prosecution in Peach County, filed numerous pro se motions, including: a motion to recuse; a motion to dismiss; a motion for a change in venue; a constitutional speedy trial demand; and a motion to quash the indictment. The superior court entered an order denying these motions. In the order, the trial court also denied Davis's request for a certificate of immediate review.  Davis then filed this application for discretionary appeal.  We, however, lack jurisdiction.

Because Davis's prosecution remains pending below, the order he seeks to appeal is not final. See *Sosniak v. State*, 292 Ga. 35, 36 (2) (734 SE2d 362) (2012) (constitutional speedy trial ruling interlocutory); *Hicks v. State*, 234 Ga. 142 (214 SE2d 658) (1975) (order denying demurrer interlocutory); *Ellis v. Stanford*, 256 Ga. App. 294, 295 (2) (568 SE2d 157) (2002) (recusal ruling interlocutory).  Thus, in order to appeal, Davis was required to follow the interlocutory application procedures set forth in OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review from the trial court within the requisite time period.  OCGA § 5-6-35, the discretionary appeal statute, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b).  See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996).

We note that Davis sought to obtain a certificate of immediate review, but the trial court denied his request.  As a general matter, this Court will not interfere with a trial court's discretion to refuse a certificate for immediate review of interlocutory rulings.  See *Scruggs v. Georgia Dept. of Human Resources,* 261 Ga. 587, 588 (1)

(408 SE2d 103) (1991); *B & D Fabricators v. D. H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 375 (3) (469 SE2d 683) (1996).

Given Davis's failure to obtain a certificate of immediate review, we lack jurisdiction over this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, _12/04/2013_
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____ , Clerk.