# Court of Appeals
# of the State of Georgia

ATLANTA,  October 26, 2017

*The Court of Appeals hereby passes the following order:*

**A18I0044.   CHIP LAKE et al. v. SILVER COMET TERMINAL PARTNERS, LLC et al.**
**A18I0045.    RTA STRATEGY LLC et al. SILVER COMET TERMINAL PARTNERS, LLC.**

Chip Lake, The Committee to Protect Paulding County, RTA Strategy LLC and others (collectively, "the Applicants") seek interlocutory review of the trial court's September 21, 2017 order granting a motion to compel OCGA § 9-11-60 (b) (6) depositions and denying their motions for protective orders.  Although the Applicants sought a certificate of immediate review in accordance with OCGA § 5-6-34 (b), the trial court denied their request.  The Applicants nonetheless filed these applications for interlocutory appeal, asserting that the order is directly appealable under the collateral order doctrine or, alternatively, that we should address the merits in accordance with *Waldrip v. State*, 272 Ga. 572 (532 SE2d 380) (2000).

In its discovery order, the trial court concluded that the information sought was not protected by the attorney-client privilege or by the privilege afforded to 501(c)(4) organizations because the opposing party made a prima facie showing that the crime-fraud exception applies.  Our precedent is clear that discovery orders do not fall within the collateral order doctrine.  See *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452-454 (1) (2010) (collateral order doctrine does not allow for immediate review of trial court's order rejecting a claim of attorney-client privilege based on its finding that the crime-fraud exception applies).

As to *Waldrip*, an appellate court generally will not review the discretion vested in the trial court to grant or refuse a certificate of immediate review of interlocutory

rulings.  See *Scruggs v. Georgia Dept. of Human Resources,* 261 Ga. 587, 588 (1) (408 SE2d 103) (1991); *B & D Fabricators v. D.H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 376 (3) (469 SE2d 683) (1996). The Supreme Court has crafted an exception to the certificate requirement where the actions of the trial court have the effect of precluding appellate review of a substantive issue. See *Waldrip*, 272 Ga. at 575 (1).  The *Waldrip* exception, however, is limited to "those exceptional cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review."  Id.

The instant applications are not the rare cases where ignoring the certificate requirement is warranted.  Accordingly, the Applicants' failure to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) deprives this Court of jurisdiction to consider these applications, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  10/26/2017
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , Clerk.