# Court of Appeals
# of the State of Georgia

ATLANTA,  July 23, 2018

*The Court of Appeals hereby passes the following order:*

**A18I0243.  MARVIN B. SMITH III et al. v. M. DELORES MURPHY.**

In this nuisance case, Marvin B. Smith, III and Sharon H. Smith seek interlocutory review of the trial court's order allowing M. Delores Murphy's counterclaims to proceed to trial. Although the Applicants failed to obtain a certificate of immediate review from the trial court, the Applicants nonetheless filed this application for interlocutory appeal in the Supreme Court requesting that the Court address the merits in accordance with *Waldrip v. State*, 272 Ga. 572 (532 SE2d 380) (2000). The Supreme Court transferred the case to this Court. See Case No. S18I1405 (transferred June 21, 2018). We, however, lack jurisdiction.

Generally, an appellate court will not review the discretion vested in the trial court to grant or refuse a certificate of immediate review of interlocutory rulings. See *Scruggs v. Georgia Dept. of Human Resources,* 261 Ga. 587, 588 (1) (408 SE2d 103) (1991); *B & D Fabricators v. D.H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 376 (3) (469 SE2d 683) (1996). The Supreme Court, however, has crafted an exception to the requirement of a certificate where the actions of the trial court have the effect of precluding appellate review of a substantive issue. See *Waldrip*, 272 Ga. at 575 (1). The ruling is limited to "exceptional cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review." Id.

Here, the Applicants will have an opportunity for timely appellate review, and the case does not otherwise appear to be one of the rare cases in which an exception to the certificate requirement is warranted. Accordingly, the Applicants' failure to

comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) deprives this Court of jurisdiction to consider this application, which is hereby DISMISSED.  See *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __07/23/2018_____

  *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*