# Court of Appeals
# of the State of Georgia

ATLANTA,  September 20, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0081.  KAMAAL AKEEM LEWIS v. THE STATE.**

Under indictment for cocaine trafficking and possession of marijuana with intent to distribute, Kamaal Akeem Lewis filed a motion to suppress the drugs seized from him following a traffic stop. On June 11, 2018, the trial court denied his motion. Thereafter, Lewis requested a certificate of immediate review, but the trial court denied his request. Nonetheless, on July 19, 2018, Lewis filed an application for discretionary review in the Supreme Court of Georgia, asserting that it had jurisdiction to consider the merits of his application in accordance with *Waldrip v. Head*, 272 Ga. 572 (532 SE2d 380) (2000). The Supreme Court, however, determined that the application presented no basis for its jurisdiction and transferred the case to this Court, noting that "*Waldrip* involved a habeas proceeding and does not stand for the proposition that [the Supreme Court] has subject matter jurisdiction whenever a trial court denies a certificate of immediate review." See Case No. S18D1568 (transferred August 14, 2018). We also lack jurisdiction.

To be timely, an application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Because Lewis did not file his application in the Supreme Court until 38 days after the entry of the order he seeks to appeal, his appeal is untimely.

Even if Lewis's application was timely, his failure to comply with the

interlocutory-appeal procedure of OCGA § 5-6-34 (b) by obtaining a certificate of immediate review also deprives this Court of jurisdiction. This Court will "not review the unfettered discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings." *B & D Fabricators v. D.H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 375 (3) (469 SE2d 683) (1996). As set forth in *Waldrip*, in rare cases, an appellate court can exercise its discretion to review an interlocutory order without a certificate of immediate review, but only in "exceptional cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review." *Waldrip*, 272 Ga. at 575, 577 (1). And this is not one of the rare cases in which ignoring the certificate requirement is warranted.

For these reasons, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___09/20/2018___

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*