# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2018

*The Court of Appeals hereby passes the following order:*

**A19I0069. RICHARD JOHN LUEDEE v. THE STATE.**

In 2016, Richard John Luedee was convicted of kidnapping and other crimes. Following his conviction, he filed a motion for new trial. While his motion for new trial was pending, Luedee requested and was granted pro se status, and he thereafter filed a motion to recuse the trial court judge. On August 2018, the trial court denied and dismissed Luedee's motion to recuse. Luedee requested a certificate of immediate review, but the trial court denied his request. Nonetheless, Luedee filed an application for interlocutory review in this Court. We, however, lack jurisdiction.

Because this action remains pending below, Luedee was required to comply with the interlocutory-appeal procedure, including obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b). And this Court will "not review the unfettered discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings." *B & D Fabricators v. D.H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 376 (3) (469 SE2d 683) (1996).

Despite the lack of a certificate of immediate review, Luedee asks this Court to grant his application, either under the collateral-order doctrine or pursuant to *Waldrip v. Head*, 272 Ga. 572 (532 SE2d 380) (2000). But the denial of a motion to recuse in a criminal case is not subject to the collateral-order doctrine. See OCGA § 5-6-34 (b) (requiring a defendant to follow the interlocutory-appeal procedure to obtain review of "the denial of a defendant's motion to recuse in a criminal case"); *Murphy v. Murphy*, 322 Ga. App. 829, 832 (747 SE2d 21) (2013). And under *Waldrip*, in rare cases, an appellate court can exercise its discretion to review an interlocutory order without a certificate of immediate review, but only in "exceptional

cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review." *Waldrip*, 272 Ga. at 575, 577 (1). This is not one of the rare cases in which ignoring the certificate requirement is warranted.

For these reasons, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   10/22/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*