# Court of Appeals
# of the State of Georgia

ATLANTA,  December 30, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0420. CITY OF ATLANTA v. FULTON COUNTY, GEORGIA.**

This appeal stems from a case involving a water rate dispute between the City of Atlanta and the City of Sandy Springs.[1] The City of Atlanta filed a motion to dismiss Sandy Springs's claim, arguing that the superior court lacks jurisdiction to hear the matter. The Special Master recommended that the superior court deny the motion to dismiss, and the superior court did so on August 21, 2020. After the superior court entered its order denying the motion to dismiss, the City of Atlanta filed a motion requesting that the court issue a certificate of immediate review or, alternatively, vacate its order to permit it to object to the Special Master's recommendations as provided in Uniform Superior Court Rule 46 (G) (2). On August 31, 2020, the superior court entered an order denying the City of Atlanta's request for a certificate of immediate review. The City of Atlanta then filed this direct appeal from the August 21 order adopting the Special Master's report and recommendation. Sandy Springs has filed a motion to dismiss the appeal.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." As this case is still pending below, the order the City of Atlanta seeks to appeal is not a final judgment.

In response to Sandy Springs's motion to dismiss the appeal for the City of Atlanta's failure to follow the interlocutory appeal procedures, the City of Atlanta

---

[1] This dispute is part of a larger litigation involving the Service Delivery Strategy Act filed by Fulton County against multiple cities.

contends that the August 21 order is appealable under the collateral order doctrine because the superior court adopted the Special Master's recommendation without notice and opportunity to object in violation of the City of Atlanta's due process right to be heard.[2] The superior court's order of August 21, however, does not address the City of Atlanta's due process argument. Indeed, the City of Atlanta did not raise that argument until after the August 21 order was entered. Because the due process issue has not been addressed by the superior court, it may not be addressed on appeal. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (an appellate court serves to correct errors of law, which must be based upon a ruling of the trial court). Thus, pretermitting whether a superior court order addressing the City of Atlanta's due process claim would be subject to direct appeal under the collateral order doctrine, it is clear that the superior court's order of August 21 is not such an order.

Accordingly, the superior court's August 21 order is not subject to direct appeal as a collateral order, and the City of Atlanta was required to comply with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order.[3] OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). The City of Atlanta's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this premature direct appeal.

---

[2] "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted).

[3] Although the City of Atlanta unsuccessfully attempted to get a certificate of immediate review, this Court will "not review the unfettered discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings." *B & D Fabricators v. D.H. Blair Inv. Banking Corp.*, 220 Ga. App. 373, 376 (3) (469 SE2d 683) (1996).

Sandy Springs's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  12/30/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*