LESATZ v STANDARD GREEN MEADOWS

Docket No. 93992. Submitted April 16, 1987, at Lansing. Decided
August 21, 1987. Leave to appeal applied for.

David A. Lesatz entered into the twelve-month lease of an apart-
ment with Standard Green Meadows and Hall Management
Corporation. The lease provided for one-half a month's rent
($200) as liquidated damages for the costs of rerenting in the
event of vacation prior to the expiration of the lease. It also
provided that the first month's rent would be excused for so
long as the lessee performed on the lease but that the rent
would become immediately due upon a breach by lessee. A
security deposit of $100 was made by the lessee. Karen Lesatz
was not a party to the lease but did contribute to the rent. The
Lesatzes moved out of the apartment after eleven months.
Standard Green Meadows and Hall Management sent the
Lesatzes a damage list totalling $793 to which the Lesatzes
objected. The list included the liquidated damage amount, the
first month's rent and a proration of the last month's rent for
the time the apartment was vacant. Standard Green and Hall
kept the security deposit and applied it to the damages on the
list. The Lesatzes brought an action against Standard Green
and Hall in the Washtenaw Circuit Court, alleging 1) that the
liquidated damages and excused rent provisions were unen-
forceable penalty clauses not related to defendants' actual
damages, and that they violated the Consumer Protection Act,
2) that defendants violated the Consumer Protection Act by
including items of damage which were not authorized by the
landlord-tenant relationship act, and 3) that defendants should
be enjoined from keeping their security deposit. Plaintiffs
sought an injunction prohibiting defendants from enforcing the
lease provisions and damages. The court, William F. Ager, Jr.,
J., denied all injunctive relief and, finding the amount in

REFERENCES

Am Jur 2d, Landlord and Tenant §§ 183 *et seq.*; 300 *et seq.*; 1039 *et
seq.*

Measure and items of damages for lessee's breach of covenant as to
repairs. 80 ALR2d 983.

Liability of tenant for damage to the leased property due to his acts
or neglect. 10 ALR2d 1012.

controversy to be less than $10,000, remanded the case to district court. Plaintiffs appealed.

The Court of Appeals *held:*

The circuit court did not err in denying injunctive relief.

1. The lease provision that a portion of the rent would be excused if the lessee fully performed all the terms of the lease and that the excused rent would become due immediately upon any breach by the lessee resulting in eviction or leaving prior to the expiration of the lease term is not a penalty provision and does not violate the Consumer Protection Act.

2. Defendants' including in a damage list items not permitted by the landlord-tenant relationship act and keeping the security deposit is not a violation of the Consumer Protection Act since there were on the list items of damage in excess of the amount of the security deposit for which the security deposit might lawfully be kept.

3. The count seeking an injunction prohibiting defendants from keeping plaintiffs' security deposit is really a claim for damages.

Affirmed and remanded to the district court.

1. LANDLORD AND TENANT — RENT — CONSUMER PROTECTION ACT.

A lease provision that a portion of the rent will be excused if the lessee fully performs all the terms of the lease and that the excused rent will become due immediately upon any breach by the lessee resulting in eviction or leaving prior to the expiration of the lease term is not a penalty provision and does not violate the Consumer Protection Act (MCL 445.901 *et seq.*; MSA 19.418[1] *et seq.*).

2. LANDLORD AND TENANT — SECURITY DEPOSIT — DAMAGE LIST — LANDLORD-TENANT RELATIONSHIP ACT — CONSUMER PROTECTION ACT.

The action of a landlord of including in a damage list items not permitted by the landlord-tenant relationship act and keeping the security deposit is not a violation of the Consumer Protection Act where there are on the list items of damage in excess of the amount of the security deposit for which the security deposit may lawfully be kept (MCL 445.901 *et seq.*, 554.613[1]; MSA 19.418[1] *et seq.*, 26.1138[13][1]).

*Gary M. Victor,* for plaintiffs.

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Irwin M. Alterman* and *Mark J. Bereyso*), for defendant.

Before: Cynar, P.J., and Shepherd and B. A. Jasper,* JJ.

Per Curiam. Plaintiffs rented an apartment from defendants. The lease ran from July 1, 1984, to June 30, 1985. Plaintiff Karen Lesatz did not sign the lease, but contributed to rent payments. Apparently due to a mistake on plaintiffs' part, they left one month early. Defendants ultimately sent plaintiffs an itemized list of damages totaling $793 to which plaintiffs objected. The damages included $20 for a broken cabinet door. The list also included a $200 "rerental" fee provided for by lease ¶ 25 as "liquidated damages" for defendants' administrative costs in rerenting the apartment. The list also included a $400 reimbursement for the "free month" of rent provided by lease ¶ 41 which defendants would have excused had plaintiffs stayed the entire lease term. Finally, the list included prorated rent of $173 for June 1 to June 13, 1985, when defendants rerented the apartment. Defendants used plaintiffs' $100 security deposit to partially offset these amounts.

This lawsuit in circuit court followed. Count I of plaintiffs' amended complaint alleged that lease ¶¶ 25 and 41 were unenforceable penalty clauses not related to defendants' actual damages. Plaintiffs alleged that the landlord-tenant relationship act (LTRA), MCL 554.601 et seq.; MSA 26.1138(1) et seq., did not permit defendants to use their security deposit against claims for "rerental" fees and reimbursements for free rent. Plaintiffs also alleged that these lease paragraphs violated three provisions of the Michigan Consumer Protection Act (MCPA), MCL 445.901 et seq.; MSA 19.418(1) et seq. Count II alleged the violation of another MCPA

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

provision by defendants' claim for itemized damages not permitted under the LTRA. Count III alleged the violation of the LTRA in defendants' failure to return plaintiffs' security deposit. For each count, plaintiffs sought monetary damages. For Counts I and II, plaintiffs also sought an injunction prohibiting defendants from enforcing the provisions or making claims against security deposits as provided in current leases or from including similar provisions in future leases or instituting similar claims against future security deposits. For Count III, plaintiffs also sought to enjoin defendants from retaining their security deposit.

The circuit court determined that plaintiffs' damages would not exceed $10,000 and that plaintiffs' lawsuit was not a class action. The court therefore remanded all matters pertaining to damages to the district court, MCL 600.641; MSA 27A.641. The circuit court essentially considered the merits of plaintiffs' claims, however, and recommended to the district court that it grant summary disposition on all counts except that part of Count I concerning rerental fees. The circuit court denied all injunctive relief. The order entered on July 3, 1986, by stipulation granted defendants' summary disposition motion and dismissed with prejudice all claims in Count I concerning lease ¶ 41. The order denied summary disposition for plaintiffs on that part of Count I concerning lease ¶ 25. The order also granted summary disposition for defendants and dismissed Counts II and III in their entirety. We are unable to locate any order in the file remanding the case to the district court.

The circuit court has the power to grant equitable relief in this case, MCL 600.605; MSA 27A.605, unlike the district court, MCL 600.8315; MSA 27A.8315. Had plaintiffs pled meritorious claims

for injunctive relief, we believe it would have been in the interests of judicial economy for the circuit court to also address plaintiffs' damage issues. We agree, however, that the circuit court properly denied all injunctive relief. Accordingly, any remaining issues concerning damages are properly addressed by the district court, as the amount in controversy will not exceed $10,000. MCL 600.641 and 600.8301(1); MSA 27A.641 and 27A.8301(1).

Lease ¶ 25 provides:

> RERENTAL FEES AND DAMAGES. If you move from the apartment before the end of the term, you will pay us one half of one month's rent as liquidated damages for the costs and administrative efforts we incur in attempting to rerent the apartment. You and we agree that this liquidated damages provision is a good faith and reasonable estimate of the costs and expenses we will incur if you vacate the apartment, and we attempt to rerent it. This liquidated damages provision is in addition to all other damages and remedies arising from your violation of the lease.

Lease ¶ 41 is a typed provision added at the lease's end:

> ADDITIONAL PROVISIONS. We agree that the rent payment for the month of [crossed-out material] July, 1984, will be excused provided you fully perform all of the terms and conditions of this lease. If you breach amy [sic] terms of the lease, resulting in eviction or if you fail to stay the entire term of this lease, then this rent will be immediately due and payable.

We agree with the circuit court that ¶ 41 is not a penalty provision. The lease clearly provides that one year's rent equals $4,800. Plaintiffs enjoyed the first month without having to pay rent

at that time. Had plaintiffs stayed the entire term, defendants would have excused payment of that rent. It only became due when plaintiffs breached the lease. We do not address the issue of whether ¶ 25 is an unenforceable penalty provision, agreeing with the circuit court that the issue is inappropriate for summary disposition. That is a contract matter and any damages must be determined by the district court.

In Count I, however, plaintiffs also sought a declaration that the two lease provisions violated the MCPA and an injunction prohibiting defendants from continuing to use these provisions. The MCPA provides in part, MCL 445.911; MSA 19.418(11):

> (1) Whether or not he seeks damages or has an adequate remedy at law, a person may bring an action to do either or both of the following:
> (a) Obtain a declaratory judgment that a method, act, or practice is unlawful under section 3.
> (b) Enjoin in accordance with the principles of equity a person who is engaging or is about to engage in a method, act, or practice which is unlawful under section 3.
> (2) Except in a class action, a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees.

Plaintiffs also sought damages for defendants' alleged violations of the MCPA. While we only address plaintiffs' equitable claims, our conclusion that plaintiffs are not entitled to equitable relief because the lease provisions do not violate the MCPA would also appear to preclude damages under that act. Whether plaintiffs may be entitled to damages in district court under some other theory,

however, such as the penalty provision theory noted above, is a matter to be decided in the district court.

In Count I, plaintiffs alleged violation of three subsections of the MCPA, MCL 445.903(1)(n), (t), and (w); MSA 19.418(3)(1)(n), (t), and (w):

> (1) Unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
>                    * * *
>
> (n) Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.
>
>                    * * *
>
> (t) Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.
>
>                    * * *
>
> (w) Representing that a consumer will receive a rebate, discount, or other benefit as an inducement for entering into a transaction, if the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

"Trade or commerce" as used in the MCPA includes real property leases. MCL 445.902(d); MSA 19.418(2)(d). Plaintiffs allege that both lease provisions violate subsections (n) and (t) and that ¶ 41 also violates subsection (w).

These lease provisions do not violate subsections (n) and (t) of the MCPA, even if ¶ 25 is ultimately found to be a penalty provision. Neither lease provision is ambiguous, confusing or misleading as to plaintiffs' rights, obligations, or remedies. Nor do the lease provisions involve any sort of waiver,

Paragraph 41 also does not violate subsection

(w), which prohibits rebates or discounts contingent on events occurring subsequent to the consummation of the transaction. The lease involved an ongoing transaction for the duration of the lease term. During the first month, plaintiffs enjoyed use of the apartment without paying rent. The rent for the first month did not become owing until plaintiffs breached the lease. That breach, however, did not occur subsequent to the consummation of the ongoing transaction represented by the lease. The circuit court did not err in denying injunctive relief on these grounds under the MCPA.

In Count II, plaintiffs allege that defendants included claims on the itemized damages list not permitted by the LTRA, MCL 554.607; MSA 26.1138(7), which provides:

> A security deposit may be used only for the following purposes:
> (a) Reimburse the landlord for actual damages to the rental unit or any ancillary facility that are the direct result of conduct not reasonably expected in the normal course of habitation of a dwelling.
> (b) Pay the landlord for all rent in arrearage under the rental agreement, rent due for premature termination of the rental agreement by the tenant and for utility bills not paid by the tenant.

Plaintiffs further allege that, by doing so, defendants violated subsection (n) of the MCPA by causing a probability of confusion or misunderstanding as to plaintiffs' legal rights, obligations, or remedies.

This Court has held that, under certain circumstances, a violation of the LTRA may also be a violation of the MCPA. See *Smolen v Dahlmann Apartments, Ltd,* 127 Mich App 108, 117-118; 338 NW2d 892 (1983), in which this Court concluded

that a landlord who retained a portion of the security deposit for cleaning expenses in violation of the LTRA also violated subsection (u) of the MCPA requiring prompt restoration of deposits pursuant to an agreement.

Plaintiffs' security deposit, however, was only $100. Defendants' itemized damage list included $173 prorated rent owing for June, 1985, due to plaintiffs' premature termination. It was proper to apply the security deposit to these damages. See MCL 554.613(1); MSA 26.1138(13)(1). In the future, defendants should make it clearer what amounts are being offset against the security deposit. We do not believe, however, that defendants' inclusion of other claimed damages on the itemized list misrepresented plaintiffs' rights or created the probability of confusion when the security deposit was properly offset against damages permitted under the LTRA. The trial court did not err in denying injunctive relief on this ground.

Count III of plaintiffs' complaint is essentially a damage claim under MCL 554.613(1); MSA 26.1138(13)(1), although plaintiffs have attempted to couch it in terms of equitable relief. The above discussion also indicates that the trial court did not err in granting summary disposition on that count, as defendants had a right to retain the $100 security deposit against the greater amount of rent owed to them.

Affirmed and remanded to the district court for further proceedings consistent with this opinion.