A90A2071. MERRILL et al. v. EIBERGER.
(403 SE2d 91)

BIRDSONG, Presiding Judge.

W. Harrison Merrill and Vanguard Management Corporation ("Merrill & Vanguard") appeal from the trial court's judgment in their favor in a proceeding brought by Eiberger to confirm a foreclosure sale. Although the trial court refused to confirm the sale of the property because the property did not bring its true market value, Merrill and Vanguard appeal because they assert that certain rulings on other issues raised in their motion to dismiss may prejudice their litigation posture in other cases. Nevertheless, appellants do not seek reversal of the trial court's judgment. *Held*:

This court serves to correct errors of the trial court. It is a well established principle, however, that for errors to require reversal they must be harmful. See OCGA § 9-11-61; *Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892). In this case even if the trial court erred by denying appellants' motion to dismiss, it is plain that appellants suffered no prejudice in this case because they prevailed on the merits.

It is not our function to provide advisory opinions on other issues which potentially may arise in other litigation, or to assure that all errors are corrected regardless of the lack of prejudice to the parties. See *Board of Trustees &c. v. Kenworthy*, 253 Ga. 554, 557 (322 SE2d 720); *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 277-278 (390 SE2d 269). Moreover, since appellants prevailed in this case, the doctrine of res judicata will operate in their favor (see OCGA § 9-12-40; *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 427 (383 SE2d 123)) and will not affect other litigation between these parties on other contracts.

As no party to this appeal seeks reversal of the judgment of the trial court, the issues presented are moot. "A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights. . . . This court will upon its own motion dismiss an appeal where it affirmatively appears that a decision would be of no benefit to the complaining party. The fact that the appellants might possibly derive some future benefit from a favorable adjudication on an abstract question will not require this court to retain and decide the case." (Citations and punctuation omitted.) *Chastain v.*

*Baker*, 255 Ga. 432, 433 (339 SE2d 241). Accordingly, this appeal must be dismissed. OCGA § 5-6-48 (b) (3).

*Appeal dismissed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1991.

Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, for appellants.

Troutman, Sanders, Lockerman & Ashmore, William T. Plybon, Norton, Pennington, Goetz & Cronkright, John C. Pennington, for appellee.

