A91A0896. JARALLAH v. AETNA CASUALTY & SURETY COMPANY et al.
(405 SE2d 510)

BANKE, Presiding Judge.

The appellant sued the three appellees and a fourth defendant seeking damages for various alleged tortious acts, including interference with contract, intentional infliction of emotional distress, defamation, fraud, and invasion of privacy. The appellees moved for summary judgment; and on or about June 20, 1990, the trial court entered an order both granting the motion and directing that judgment be entered in the appellees' favor pursuant to OCGA § 9-11-54 (b), based on an express determination that there was no just reason for delay. On July 19, 1990, the appellant filed a motion for reconsideration; and on October 29, 1990, the trial court entered an order denying that motion. In the meantime, on October 16, 1990, the court granted summary judgment to the remaining defendant. On October 29, 1990, the

appellant filed the present appeal from the denial of his motion for reconsideration. *Held*:

An order granting summary judgment on any issue or as to any party is, of course, subject to review by direct appeal. See OCGA § 9-11-56 (h). It is well settled that a motion for reconsideration does not extend the time for filing a notice of appeal. See *Littlejohn v. Tower Assoc.*, 163 Ga. App. 37 (293 SE2d 33) (1982). Ordinarily, where a grant of summary judgment does not dispose of all of the issues in the case, it may be reviewed on appeal from the final judgment entered in the case as well as by direct appeal. See *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978). However, "[i]f the trial court does certify that the [summary] judgment is final and ripe for review under [OCGA § 9-11-54 (b)], the time for appeal begins to run." Id. It follows that by failing to file a timely notice of appeal from the grant of the appellees' motion for summary judgment in this case, the appellant lost his right to obtain appellate review of that ruling. Accord *Cherry v. Hersch*, 193 Ga. App. 471, 473 (2) (388 SE2d 64) (1989).

*Appeal dismissed. Carley and Beasley, JJ., concur.*

DECIDED APRIL 1, 1991 —
REHEARING DENIED APRIL 23, 1991.

Taj Jarallah, *pro se.*
*Freeman & Hawkins, Andrew H. Meyer, Neely & Player, Andrew J. Hamilton, Linda B. Foster*, for appellees.

