## A93A2457. MANNING & ASSOCIATES PERSONNEL, INC. et al. v. TRIZEC PROPERTIES, INC.
### (442 SE2d 783)

SMITH, Judge.

Tenant-appellant Manning & Associates Personnel, Inc. (Manning & Associates) entered an 84-month lease agreement with landlord-appellee Trizec Properties, Inc. (Trizec). Mildred A. Manning, founder of Manning & Associates, personally guaranteed certain stipulations of the lease agreement allowing for recoupment of conditionally "excused" rents and Trizec's preparation costs in the event of default. Manning & Associates ceased paying rent after the 37th month of the lease term.

Trizec brought suit, appellants responded, and Trizec then filed a motion for summary judgment on all issues. Appellants moved for partial summary judgment, arguing that the stipulation allowing for recoupment of excused rent is unenforceable as a penalty as a matter of law. Trizec's motion was granted, and the appellants' motion was denied. Appellants appeal from the trial court's order granting Trizec's motion and denying their own.

1. The lease between Trizec and Manning & Associates provided for a base rent of $32,764.35 per year, payable in monthly installments of $2,730.36. Paragraph 40.02 of the "special stipulation" to the lease provides as follows: "*Excused rent.* Except as may be modified by Special Stipulation 40.05, Landlord shall conditionally excuse Base Rental for the period commencing on July 1, 1988, through March 31, 1989 ('Excused Rent'), provided, however that Excused Rent shall immediately become due and payable to Landlord in the event of any uncured monetary Tenant default under this Lease. Landlord shall waive any rights to payment of Excused Rent if Tenant has not defaulted in any of Tenant's obligations as of the Expiration Date of the Lease. This Article shall not be deemed to excuse payment of any rents or charges due other than Base Rental."

The question whether the courts of this state will enforce an action for certain rents that would have been excused but for the tenant's default is one of first impression. The parties have presented no persuasive authority from other states squarely on point, and we have found only one such case from any jurisdiction. In *Lesatz v. Standard Green Meadows*, 164 Mich. App. 122 (416 NW2d 334) (1987), the Michigan Court of Appeals was presented with a residential lease provision excusing the first month's rent on condition that the tenant fulfilled its lease obligations and stayed the entire term. The *Lesatz*

court held that such a provision is not a penalty provision, observing that the yearly rent was clearly stated; that the tenants enjoyed the first month of its rental "without having to pay rent at that time"; that "[h]ad plaintiffs stayed the entire term, defendants would have *excused* payment of that rent"; and that "[i]t only became due [and payable] when plaintiffs breached the lease." (Emphasis supplied.) 416 NW2d at 337.

Distinctions between *Lesatz* and the present case can be made, but they do not favor appellants' position. The first nine months' rent became due and payable once the lease was breached. Trizec is not suing for *damages* it suffered as a result of Manning & Associates' breach; it is merely suing for unpaid rents that accrued *prior* to the breach, and that have become due and payable only as an agreed upon consequence of that breach. If the parties had entered a lease lacking such a provision, Trizec's expectation of rent during the first nine months of that lease certainly could not be characterized as a penalty. Appellants were undeniably placed in a better position (and Trizec in a less favorable position) than they would have been if the incentive of conditional excused rent had not been added. Appellants now wish to render their position *even more favorable* by removing the condition agreed upon at the time of contracting. We agree with the straightforward reasoning applied by the *Lesatz* court, and we hold that the trial court did not err in granting Trizec's motion for summary judgment and denying appellants' motion for partial summary judgment on this issue.

2. Paragraph 40.05 (c) of the special stipulation provides as follows: "Landlord shall bear all costs necessary to prepare the premises . . ., not to exceed $28,850.00 ('Landlord's Costs')." Paragraph 40.05 (e), however, provides that "[s]hould the Lease terminate for any reason prior to the Expiration Date, Tenant shall be liable to Landlord for the immediate repayment of Landlord's Costs."

Trizec characterizes the "landlord's costs" as "actual out-of-pocket expenses for improving the premises," and therefore not susceptible to scrutiny regarding whether they constitute liquidated damages or a penalty. This argument is without merit. "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." OCGA § 13-6-2. "Where a party seeks damages for violation of a contract, the measure of damages is *not what he has suffered by performing his part* but what he has suffered by the failure of the other party to perform his part. [Cit.]" (Emphasis supplied.) *Gainesville Glass Co. v. Don Hammond, Inc.*, 157 Ga. App. 640, 644 (1) (278 SE2d 182) (1981). Trizec may have experienced special damages related to its need to renovate the lease premises again

and to do so sooner than expected to attract another tenant, but the measure of such damages, if any, is clearly not equivalent to the "landlord's costs" incurred under the lease. Id. See generally *Buford-Clairmont v. Jacobs Pharmacy Co.*, 131 Ga. App. 643 (206 SE2d 674) (1974).

At best, paragraph 40.05 (e) of the special stipulation is an attempted liquidated damages provision. "A contractual provision requiring payment of a stipulated sum by one of the parties upon termination or cancellation of the contract will be treated as an enforceable liquidated damages provision rather than an unenforceable penalty only if *all three* of the following factors are present: First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than a penalty; and third, the stipulated sum must be a reasonable pre-estimate of the probable loss resulting from such a breach. [Cits.]" (Emphasis supplied.) *Broadcast Corp. of Ga. v. Subscription Television &c.*, 177 Ga. App. 199 (338 SE2d 775) (1985). See generally *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976). Since the sum stipulated in paragraph 40.05 cannot be said to be a reasonable pre-estimate of the probable loss resulting from Manning & Associates' breach, the provision imposes an unenforceable penalty. The trial court therefore erred in granting summary judgment to Trizec on the limited issue of liquidated damages for "landlord's costs."

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Cooper, J., concur.*

Decided March 2, 1994 —
Reconsiderations denied March 28, 1994.

*Paul L. Hanes, M. Muffy Blue*, for appellants.
*Coleman & Dempsey, Arlene L. Coleman, David J. Dempsey*, for appellee.

