### A99A1450. YOUNG v. TURNER HERITAGE HOMES, INC.
(526 SE2d 82)

BARNES, Judge.

Homer L. Young appeals the grant of summary judgment to Turner Heritage Homes, Inc. ("Turner Heritage") on his claims for punitive damages, attorney fees, and expenses of litigation. Young's claims against Turner Heritage for negligent construction and breach of warranty remain pending below.

This appeal arises from a contract between the parties under which Turner Heritage would build a house that Young and his wife would purchase upon completion. Although Young was dissatisfied with the progress of the construction, the parties ultimately closed on the sale. Thereafter, however, Young sued Turner Heritage for breach of contract, damages, and attorney fees. The complaint alleged counts of breach of contract because Turner Heritage's negligent and deficient construction breached the seller's limited warranty in the contract, active or constructive fraud, punitive damages based on the fraud, and attorney fees and expenses of litigation under OCGA § 13-6-11 because Turner Heritage signed the contract in bad faith.

After Turner Heritage filed its answer, it moved for summary judgment on Young's claims for fraud, punitive damages, and attorney fees. Turner Heritage alleged that the evidence did not show that it committed fraud and that in any event Young was not entitled to assert a fraud claim because Young had not sought to rescind the contract. See *Hightower v. Century 21 Farish Realty*, 214 Ga. App. 522, 523 (1) (448 SE2d 271) (1994). Thus, Turner Heritage contended that Young was not entitled to an award of punitive damages or attorney fees. Ultimately, the trial court granted summary judgment to Turner Heritage on Young's claims of fraud, punitive damages,

---

[4] Cf. id.

and attorney fees and designated the judgment as final pursuant to OCGA § 9-11-54 (b).

Thereafter, Young filed a notice of appeal from the grant of summary judgment to Turner Heritage on these claims. Young asserts that the trial court erred by granting summary judgment on his claims for punitive damages and attorney fees. No error, however, was enumerated regarding the grant of summary judgment on his fraud claim.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. Because the trial court's order designated its grant of summary judgment as final under OCGA § 9-11-54 (b), Young was required to appeal any adverse rulings in that order within 30 days of the final judgment's entry. OCGA § 5-6-38. The normal rules that would allow a direct appeal from an order granting summary judgment to be taken either within 30 days of rendition of the judgment or after the rendition of the final judgment in the case (see *Studdard v. Satcher, Chick &c., Inc.*, 217 Ga. App. 1, 2 (456 SE2d 71) (1995), do not apply. *Jarallah v. Aetna Cas. &c. Co.*, 199 Ga. App. 592, 593 (405 SE2d 510) (1991). If an appellant fails to file a notice of appeal within 30 days of such an order, the right to review the order is lost. Id.

In this instance, Young has not enumerated as error the grant of summary judgment to Turner Heritage on his fraud claim. Therefore, any claim of error regarding that grant of summary judgment has been abandoned. Matters not enumerated as error will not be considered on appeal. *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970). Consequently, because he did not appeal that ruling as required by OCGA § 5-6-38 (a), that judgment is final.

This ruling has increased significance in this case because in the absence of a fraud claim, Young's breach of contract claim will not support an award of punitive damages. OCGA § 13-6-10; *Trust Co. Bank v. C & S Trust Co.*, 260 Ga. 124, 126 (1) (b) (390 SE2d 589) (1990). Further, "[p]unitive damages cannot be imposed without a finding of some form of culpable conduct. Negligence, even gross negligence, is inadequate to support a punitive damage award." *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (3) (b) (365 SE2d 827) (1988).

Therefore, in the absence of an allegation in the complaint that would support the award of punitive damages, Young's enumeration concerning the grant of summary judgment on his claim for punitive damages is moot. For errors to require reversal, they must be harmful. See OCGA § 9-11-61; *Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892) (1990).

In this appeal, even if the trial court erred by granting summary judgment on Young's claim for punitive damages, punitive damages can no longer be awarded because the only claim that would support the imposition of punitive damages has been removed from the case. Therefore, this enumeration of error is moot. *Merrill v. Eiberger*, 198 Ga. App. 806 (403 SE2d 91) (1991).

3. Young's claim for attorney fees and expenses of litigation, however, is not affected by his failure to appeal the fraud claim, because this count in the complaint alleged a separate claim for bad faith in the execution of the contract. Turner Heritage's motion on this claim was based upon an allegation that the evidence shows it was acting in good faith in this matter. This allegation is not an appropriate basis for resolving the issue because "questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense, under OCGA § 13-6-11, are generally questions for the jury to decide." (Citation and punctuation omitted.) *American Med. Transport Group v. Glo-An, Inc.*, 235 Ga. App. 464, 467 (3) (509 SE2d 738) (1998). Even though some evidence may support Turner Heritage's contention, if some evidence also supports a claim under OCGA § 13-6-11, the issue must be submitted to the jury. *City of Warner Robins v. Holt*, 220 Ga. App. 794, 796 (1) (c) (470 SE2d 238) (1996). Because we find evidence from which, if believed, a jury could infer that Turner Heritage executed the contract in bad faith, i.e., promising to correct certain defects identified by Young and then refusing to do so after the closing, failing to comply with minimum building codes, and laying the slab on uncompacted topsoil, we must reverse the trial court on this issue.

The grant of summary judgment on the punitive damages claim is affirmed, but the grant of summary judgment on the claim for attorney fees and expenses of litigation is reversed.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 22, 1999 —
RECONSIDERATION DENIED DECEMBER 13, 1999 —

*Divine, Dorough & Sizemore, Kermit S. Dorough, Jr.*, for appellant.

*Langdale, Vallotton, Linahan & Threlkeld, William P. Langdale III, Hodges, Erwin, Hedrick & Coleman, William A. Erwin*, for appellee.