## A01A0313. BUCKLEY v. TURNER HERITAGE HOMES, INC.
### (547 SE2d 373)

MIKELL, Judge.

Alice Buckley appeals the trial court's grant of summary judgment to Turner Heritage Homes, Inc. ("Turner Heritage") on her claims for rescission, punitive damages, and attorney fees and costs of litigation. For the reasons set forth below, we affirm the trial court's grant of summary judgment to Turner Heritage as to Buckley's rescission and punitive damages claims, but reverse as to Buckley's claim for attorney fees and costs.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

The record shows that on April 22, 1996, Buckley executed a Deposit Receipt and Purchase Agreement (the "Agreement") to purchase a home from Turner Heritage, the builder. The Agreement included a merger clause, which provided:

> This Purchase Agreement constitutes Buyer's and Seller's entire agreement. Representations or inducements made by salepersons or others, which are not contained in this Purchase Agreement shall not be binding upon Seller. Brochures and advertising representations and illustrations constitute general concepts only, and are subject to change and modifications at Seller's discretion. Typed or written provisions inserted in this Purchase Agreement control all printed provisions in conflict therewith.

In a separate provision, the contract provided:

> Special provisions, if any, are set forth as an Addendum to this Purchase Agreement and shall only be binding upon the parties if set out in writing and signed by both Seller and Purchaser. ORAL REPRESENTATIONS MAY NOT BE RELIED UPON. This purchase agreement shall survive the closing.

---

[1] (Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Buckley deposed that at the closing on the sale of the house on November 26, 1996, several representations were made to her by Fred Saxon, an agent of Turner Heritage, that induced her to close on the house. In writing, Saxon represented that the new sod would blend with the old sod with proper maintenance and upkeep, and that the pocket door in the master bedroom would be adjusted within six months. In addition to these written representations, Buckley deposed that Saxon orally represented that Turner Heritage would fill in the trench in her backyard, paint the front door, repaint the entertainment center walls, repair a hole in the wall in the master bedroom, replace the dishwasher veneer, replace and install various light fixtures, apply a final coat of paint to the back door, and substitute new sod for grass that died as a result of improper maintenance.

During her first two months in the residence, Buckley noticed several additional problems. Buckley deposed that she notified Turner Heritage of these problems via telephone, but not in writing, and was told, "We'll get it taken care of." Further, she informed Turner Heritage that she would ensure that they had access to her home to repair the problems whenever they were able to do so. Buckley deposed that the problems have not been repaired.

On November 19, 1998, Buckley filed a petition to rescind contract and deed, or, in the alternative, complaint for breach of contract, damages, and attorney fees. Turner Heritage timely filed its answer.[2] Turner Heritage filed a motion for partial summary judgment on Buckley's claims for fraud, rescission, punitive damages, and attorney fees, which the trial court granted. Buckley appeals.

1. In her first enumeration of error, Buckley contends that the trial court erred in granting Turner Heritage summary judgment on her rescission and punitive damages claims based on its conclusion that the record contained no evidence of fraud.[3] At the outset, we reject Turner Heritage's argument that Buckley failed to specifically preserve as error the trial court's ruling that there was no evidence of fraud.[4] This argument flies in the face of directives we have received from the legislature in OCGA § 5-6-48 (f)[5] and from the Supreme

---

[2] Turner Heritage also filed a third-party complaint against the concrete company that supplied the concrete for the foundation for Buckley's home, which was the source of one of Buckley's problems.

[3] Since Buckley has identified three errors in this enumeration of error, for purposes of clarity, we have separated the contentions.

[4] The case upon which Turner Heritage relies is inapposite because in that case, the appellant's enumeration of error only challenged the grant of summary judgment on his punitive damages claim. *Young v. Turner Heritage Homes*, 241 Ga. App. 400 (526 SE2d 82) (1999).

[5] The statute provides that where errors sought to be appealed are apparent from the notice of appeal, record, enumeration of errors, or from any combination of these sources, the appeal shall be considered.

Court in *Felix v. State.*[6]

2. Buckley claims that the trial court erred by granting summary judgment to Turner Heritage on her rescission claim. We disagree.

When alleging a claim for fraudulent inducement to enter a sales contract, a purchaser has an election of two remedies: rescission or affirmation of the contract.[7]

> An announcement of the intent to rescind the contract must be made in a timely fashion, as soon as the facts supporting the claim for rescission are discovered. Moreover, the aggrieved party must adhere to the intent to rescind and may waive any claim for rescission by failing to do so.[8]

Here, Buckley deposed that she noticed thirty problems within the first two months that she lived in the residence. Yet, she did not notify Turner Heritage of her intent to rescind the contract until ten months later in September 1997. An unreasonable delay in the election of rescission as a remedy results in the waiver of that claim.[9] Accordingly, as to Buckley's claim for rescission, the trial court did not err in granting summary judgment to Turner Heritage.

3. Buckley argues that she was fraudulently induced into executing the contract by Turner Heritage's promises to make repairs in the future. Thus, she contends, the trial court's conclusion that the record did not contain evidence of fraud constitutes error. In response thereto, Turner Heritage argues that there was no evidence of fraud. Furthermore, the merger provision in the Agreement bars Buckley's fraud claim.

We agree with the trial court that the record does not contain evidence of fraud.

> The general rule is that actionable fraud cannot be predicated upon promises to perform some act in the future. Nor does actionable fraud result from a mere failure to perform promises made. Otherwise, any breach of a contract would amount to fraud. An exception to the general rule exists where a promise as to future events is made with a present intent not to perform or where the promisor knows that the future event will not take place.[10]

---

[6] 271 Ga. 534 (523 SE2d 1) (1999).

[7] *Holloman v. D. R. Horton, Inc.*, 241 Ga. App. 141, 145 (3) (524 SE2d 790) (1999).

[8] (Citations omitted.) Id. at 146.

[9] *Orion Capital Partners v. Westinghouse Elec. Corp.*, 223 Ga. App. 539, 543 (2) (b) (478 SE2d 382) (1996).

[10] (Citation and punctuation omitted.) *Bradley v. British Fitting Group*, 221 Ga. App. 621, 624 (4) (472 SE2d 146) (1996).

Thus, Turner Heritage's failure to make future repairs does not support an action for fraud unless the promises were made with an intent not to perform them. The record is devoid of any evidence that suggests that Turner Heritage fraudulently induced Buckley to consummate the sale of her home by making promises to her without the present intent to perform those promises. In fact, Buckley repeatedly conceded during her deposition that she had no evidence that Turner Heritage made assurances about repairs without the intent to perform them. Accordingly, Buckley has failed to show that a genuine issue of fact remains for jury resolution as to Turner Heritage's liability for fraud.

Since Buckley affirmed the Agreement, "[she] is bound by [the contract's] terms and is subject to any defenses which may be asserted by the other party based on the terms of the contract."[11] As stated earlier, the Agreement contains merger provisions, which preclude Buckley's reliance on Saxon's alleged oral promises. Conversely, the written warranties, pertaining to the pocket door and the blending of the sod, survive the merger clause.[12] But as discussed above, they provide no basis for a fraud claim because there is no evidence in the record that they were provided with the present intent not to perform them.[13]

4. The only claim remaining for the jury's consideration is Buckley's breach of contract claim, which is not at issue on appeal. However, "[i]t is well settled that punitive damages are not available on breach of contract claims."[14] Accordingly, the trial court did not err in its grant of summary judgment to Turner Heritage on Buckley's claim for punitive damages.

5. Lastly, Buckley contends that the trial court erred in its grant of summary judgment to Turner Heritage on her claims for attorney fees and costs. In her complaint, she alleges that Turner Heritage acted in bad faith in making the contract and has continued to conduct itself in bad faith throughout its course of dealings with her. Turner Heritage argues that the existence of a bona fide controversy precludes Buckley's claim. However, "[e]ven when a bona fide controversy exists, a party may be liable for attorney fees under OCGA § 13-6-11 where the party sought to be charged has acted in bad faith."[15] Thus, we reject Turner Heritage's argument.

"[Q]uestions concerning bad faith, stubborn litigiousness, and

---

[11] (Citations omitted.) *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 75 (441 SE2d 421) (1994).

[12] See *Zarett v. Wasserman*, 180 Ga. App. 565, 566 (2) (349 SE2d 518) (1986).

[13] *Bradley*, supra at 624 (4).

[14] (Footnote omitted.) *Wynn v. Arias*, 242 Ga. App. 712, 718 (4) (531 SE2d 126) (2000).

[15] (Citations omitted.) *City of Warner Robins v. Holt*, 220 Ga. App. 794, 796 (1) (c) (470 SE2d 238) (1996).

unnecessary trouble and expense, under OCGA § 13-6-11, are generally questions for the jury to decide."[16] While there is some evidence to support Turner Heritage's argument that it acted in good faith, if there is also evidence that would support a claim under OCGA § 13-6-11, the issue must be resolved by the jury.[17] As we found in *Young v. Turner Heritage Homes*,[18] a jury could infer bad faith from evidence, if believed, that Turner Heritage promised to correct deficiencies then failed to do so after closing, failed to comply with minimum building code requirements, and laid the slab on poorly compacted soil. Accordingly, the trial court's grant of summary judgment on Buckley's claim for attorney fees and expenses is reversed.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 28, 2001.

*Divine, Dorough & Sizemore, Kermit S. Dorough, Jr.,* for appellant.

*Swift, Currie, McGhee & Hiers, Stephen J. Tyde, Jr., Stephen M. Schatz, Langdale, Vallotton, Linahan & Wetherington, William P. Langdale III, Hodges, Erwin, Hedrick & Coleman, William A. Erwin,* for appellee.

