## A05A0228. LEWIS v. CARSCALLEN.
(618 SE2d 618)

MIKELL, Judge.

Herb Lewis appeals from three adverse decisions in this dispossessory action: the order of March 23, 2003, dismissing his counterclaim; the writ of possession; and the "final judgment on all remaining issues." The record shows that Charles Carscallen filed the underlying action in the State Court of DeKalb County against Lewis to eject him from Carscallen's property in September 2002. Because Lewis's answer raised equitable issues, the case was transferred to superior court. The trial court ordered Lewis to pay rent into the court. Carscallen filed an amended complaint, to which he attached a warranty deed recorded on July 27, 2000, in which Katherine E. Nobles transferred the property at issue to Carscallen. Lewis filed an answer and counterclaim, in which he argued that the warranty deed given to Carscallen by Nobles was in fact a security deed on his behalf. He argued that if the conveyance at issue was a deed to secure debt rather than a warranty deed, he could pay Carscallen the amount the court determined was owed and reclaim the property. He sought to use parol evidence to establish the true nature of the deed.

Carscallen moved to dismiss Lewis's counterclaim, and on March 24, 2003, the court granted the motion. The trial court found that the pleadings demonstrated that a nonparty, Nobles, had transferred the subject property to Carscallen by warranty deed and that Nobles did not remain in possession of the property after executing the deed.

---

[24] See *Mitchell,* supra at 480-481 (2).
[25] See *Turner,* supra.

Accordingly, the trial court held that because Lewis was not the maker/grantor of the warranty deed, he lacked standing to assert that the warranty deed was actually a deed to secure debt and dismissed his counterclaim. Significantly, the trial court certified its dismissal of Lewis's counterclaim as a final judgment as to fewer than all claims pursuant to OCGA § 9-11-54 (b).

Lewis did not file a direct appeal. Instead, he moved for reconsideration of the order, or, in the alternative, for a certificate of immediate review. The trial court denied his motion. The court also denied Lewis's motion to vacate the order and to implead Nobles as a co-defendant.

An amended writ of possession was issued on April 29, 2004, after Lewis failed to make at least two rent payments as ordered by the court and failed to appeal the dismissal of his counterclaim. The only issue remaining for determination at trial was the monthly fair rental value due to Carscallen. The case appeared on a May 3, 2004, trial calendar, but Lewis and his counsel failed to appear despite having been notified of the calendar call by the court. The trial court entered an "order of final judgment on all remaining issues" on May 4, 2004, in which it struck Lewis's answer and entered default judgment to Carscallen for the rent owed.

Lewis filed a notice of appeal on that same day, in which he attempted to appeal the amended writ of possession, the March 24, 2003, order dismissing his counterclaim, as well as the other orders adverse to his position. The trial court dismissed the notice of appeal as untimely as to the March 24, 2003, order and the subsequent orders seeking reconsideration of that decision. The court further found that the notice of appeal was filed at 12:03 p.m. on May 4, but the court's final judgment on all remaining issues was not filed until 4:24 p.m.; therefore, the notice of appeal as to the orders filed on April 29, 2004, and to the final judgment was premature and required dismissal as well.[1] Lewis filed the present appeal of the order of final judgment on all remaining issues on May 27, 2004.

At the outset, we note that there are deficiencies in Lewis's appellate brief, including a failure to enumerate the errors he asserts. Lewis lists three errors without numbering them, in violation of Court of Appeals Rule 25 (a) (2), and he fails to distinguish which portions of his argument apply to each of the three errors, in violation of subsection (a) (3) of that rule. We will attempt to determine which arguments are offered in support of which error; however, any claim of error found to be unsupported by authority or argument will be deemed abandoned under Rule 25 (c) (2). We also note that Lewis

---

[1] Lewis does not challenge the court's dismissal of his first notice of appeal.

failed to include a statement of the method by which each alleged error was preserved for consideration, as required by subsection (a) (1) of Rule 25, and that he failed to provide the applicable standard of review for each issue presented, in violation of subsection (a) (3) of that rule.

1. Carscallen moves this Court to dismiss Lewis's appeal to the extent that it assigns error to the trial court's March 24, 2003, order dismissing his counterclaim. In his appellate brief, Lewis states: "Defendant here appeals from the Order of March 24, 2003, as well as the Writ of Possession and the Order of Final Judgment on All Remaining Issues which were based thereon." Further, in what appears to be his first asserted error, he contends that the trial court erred "in holding that Defendant was barred from arguing that what appeared to be a deed absolute, issued by Defendant's nominee, was in fact a deed to secure debt."

We agree that Lewis waived his right of appeal of the judgment dismissing his counterclaim. Therefore, his argument that the trial court erred in holding that he lacked standing to assert that the warranty deed was actually a deed to secure debt is not properly before this Court. The law is clear that when a trial court designates its order as a final judgment under OCGA § 9-11-54 (b), a party is required to appeal any adverse rulings in that order within 30 days of the entry of judgment. OCGA § 5-6-38. "If an appellant fails to file a notice of appeal within 30 days of such an order, the right to review the order is lost." *Young v. Turner Heritage Homes*, 241 Ga. App. 400, 401 (2) (526 SE2d 82) (1999), citing *Jarallah v. Aetna Cas. &c. Co.*, 199 Ga. App. 592, 593 (405 SE2d 510) (1991). See also *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978). The trial court had no duty to instruct Lewis or his counsel on the proper appellate procedure to seek review of the decision. Because Lewis waived his right of appeal, the judgment now has a res judicata effect. *Parks v. Atlanta Public School System Bd. of Ed.*, 168 Ga. App. 572, 575-576 (2) (309 SE2d 645) (1983). Accordingly, any portion of this appeal challenging the trial court's March 24, 2003, judgment dismissing Lewis's claim that the warranty deed was in fact a deed to secure debt is not properly before us and is hereby dismissed.

2. Next, Lewis argues that the trial court erred by issuing a writ of possession in favor of Carscallen without a trial on the merits. Lewis appears to rely primarily on his argument that the trial court erred in precluding him from arguing that the warranty deed conveying the property to Carscallen was actually a deed to secure debt. As we held in Division 1, this argument is not properly before us, and we cannot consider it.

Furthermore, the writ of possession was issued after Lewis failed to pay rent into the court as required by an October 3, 2002, order,

which provided: "Upon default of any payment, a Writ of Possession shall issue instanter." In support of his motion for a writ of possession, Carscallen presented evidence that Lewis missed at least two payments. Lewis failed to point to any evidence to the contrary. In fact, Lewis does not assert any argument in support of this error other than his repeated challenge to the validity of the warranty deed, which we cannot consider. Accordingly, this error has no merit, and we affirm the judgment of the trial court.

3. Finally, Lewis argues that the trial court erred in granting a money judgment for rent owed to Carscallen without a trial. This alleged error is likewise without merit. The court placed the case on a trial calendar, and Lewis admitted that he received notice of the calendar. He did not request a continuance. Carscallen's pretrial order indicated that the remaining issue for determination concerned the amount of rent owed. Lewis elected not to appear for trial; therefore, the trial court properly entered a default judgment against him. *Truitt v. Housing Auth. of the City of Augusta*, 235 Ga. App. 92, 94 (507 SE2d 781) (1998) ("The trial court may enter a default judgment against a defendant who fails to appear and defend at trial.") (citations omitted). Lewis has failed to demonstrate by the record, or even to allege, how the court's final judgment constituted an abuse of discretion. Thus, this alleged error presents no basis for reversal.

*Judgment affirmed. Appeal dismissed in part. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 8, 2005 —
RECONSIDERATION DENIED JULY 28, 2005.

*Sidney L. Moore, Jr.*, for appellant.
*Frederic S. Beloin, Sally E. Conlin*, for appellee.